IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOMINIC ANTHONY MCPEAK                                                                PETITIONER

v.                                              Case No. 6:13-cv-6091

SHEILA SHARP, Director,                                                               RESPONDENT
Arkansas Department of Community Corrections, and
CRYSTAL WILLIAMS, Probation Officer for
Arkansas Department of Community Corrections

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner is DOMINIC ANTHONY MCPEAK ("McPeak"), filed this Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, on August 8, 2013. ECF No. 1. Respondent was served with a copy of the Petition and has responded. ECF No. 10. The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, the Response, and all exhibits submitted in this case. For the reasons set out below, I recommend this Petition be **DENIED**.

**1. Procedural Background**:[1]

On March 31, 2011, McPeak was convicted in a Clark County, Arkansas bench trial of two counts of felony aggravated assault and one count of misdemeanor fleeing for which he was sentenced to 90 days' imprisonment for each count, to be served concurrently in the Clark County jail, and a term of five years' probation with the Arkansas Department of Community Corrections. McPeak completed the term of incarceration and began his term of probation on April 18, 2011.

---

[1]The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

McPeak timely appealed the conviction to the Arkansas Court of Appeals, raising two claims; (1) the trial court erred in not granting his motion to suppress and (2) the trial court erred in not granting his motion for directed verdict for lack of evidence related to the aggravated assault convictions. The appellate court affirmed the conviction holding McPeak had not preserved for review the sufficiency of the evidence claim and further finding no error in denial of the motion to suppress. *See McPeak v. Arkansas* 406 S.W.3d 430, 433 (Ark. App. 2012). McPeak filed a timely petition for review in the Arkansas Supreme Court which was denied on May 10, 2012. McPeak did not seek any state post-conviction relief as he was not entitled to do so because he was not physically incarcerated. *See Neely v. McCastlain*, 306 S.W.3d 424, 427 (2009).

**2. Instant Petition**:

On August 8, 2013, McPeak filed the instant *habeas* petition.[2] In this Petition he alleges: (1) there was insufficient evidence to support his conviction and (2) ineffective assistance of trial counsel in failing to renew a motion to dismiss at the close of all the evidence, thus preserving the matter for appellate review. The Respondents assert the first claim is procedurally defaulted and his second claim should be denied on the merits. I will address both claims below.

**3. Discussion**:

**A. Insufficient Evidence**: McPeak claims there was insufficient evidence to support his convictions for aggravated assault. A person commits aggravated assault in Arkansas if he creates a substantial danger of death or serious physical injury by displaying a firearm in circumstances manifesting extreme indifference to the value of human life. *See* Ark. Code Ann. § 5-13-204(a)(2). McPeak asserts there was insufficient evidence to establish this crime. This is a claim of violation

---

[2]The Parties agree the instant petition was timely filed.

of due process, which, under the Fourteenth Amendment to the United States Constitution, has been determined to require a state to prove each element of a crime beyond a reasonable doubt in a criminal proceeding. *See Patterson v. New York*, 432 U.S. 197, 204 (1977). "[I]t is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." *Jackson v. Virginia*, 443 U.S. 307, 321 (1979).

The Respondent claims McPeak procedurally defaulted this claim in state court. Respondent asserts, the Arkansas Court of Appeals, by finding McPeak had failed to preserve the substantial evidence claim on appeal, disposed of his claim by clear and independent state procedural rules, thereby, barring him from federal court review.

Generally, if the highest state court rendering a judgment in a case clearly and expressly states that its judgment rests on a state law procedural ground that is independent of federal law, a federal court considering the case on *habeas* review is precluded from reviewing the claim. *Oglesby v. Bowersox*, 592 F.3d 922, 924 (8th Cir. 2010). A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). If "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar," a federal habeas court is precluded from reviewing the claim. *Harris v. Reed*, 489 U.S. 255, 263 (1989), *quoting Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).

However, if a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result

in a fundamental miscarriage of justice[3]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Here, McPeak's counsel moved for directed verdict at the close of the state's case in chief and at the close of the defense case. However, he did not renew the motion following the state's rebuttal witness. The Arkansas Court of Appeals held:

> The case did not close, however, until a rebuttal witness for the State testified and the State again rested. McPeak did not renew his motion to dismiss at that time, therefore failing to preserve for appellate review the issue of sufficiency of the evidence.

*McPeak v. State*, 406 S.W.3d 430, 433 (Ark. App. 2012). He has therefore, clearly procedurally defaulted this claim in state court. The question remains whether there exists "cause and prejudice" for this default. His second claim in the instant petition, ineffective assistance of counsel is also a claim of "cause and prejudice" to justify the foregoing procedural default. Ineffective assistance of counsel may constitute "cause and prejudice" to overcome the procedural default of McPeak's due process claim. *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (citations omitted). Thus the condition McPeak must meet to proceed on his Fourteenth Amendment Claim is identical to his Sixth Amendment claim. I will therefore address that claim below.

**B. Ineffective Assistance of Counsel**: McPeak claims his trial counsel was ineffective for failing to preserve the insufficiency of the evidence issue for appeal. He claims "it cannot be

---

[3]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

seriously disputed that the State failed to produce any proof that Mr. McPeak unloaded a firearm at Sheriff Turner or Officer Russell." He goes on to state trial counsel's failure to renew the motion to dismiss the case following the State's rebuttal witness "proved fatal to Mr. McPeak." He asserts this failure amounts to ineffective assistance and further such ineffective assistance is cause and prejudice for his procedural default of the claim of insufficient evidence.

The Respondent argues there was "ample evidence" for the trial court to find McPeak committed the crime of aggravated assault and thus "McPeak would not have prevailed on appeal even if his attorney had properly preserved the sufficiency of the evidence claim." Thus, according to Respondent, McPeak cannot show prejudice.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689, (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court should consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his

representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . ." *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

Here there is no dispute McPeak's trial counsel failed to preserve the issue of insufficient evidence for appeal. I will assume for purposes of this analysis, this failure fell below an objective standard of reasonable competence. I must then consider whether McPeak suffered any prejudice. When considering a challenge to the sufficiency of the evidence in an Arkansas criminal case, a conviction will be affirmed if "there is substantial evidence to support it, when viewed in the light most favorable to the State." *Bangs v. State*, 338 Ark. 515, 518 (Ark. 1999). Further, "[c]ircumstantial evidence can provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *See id.* at 518-19. Accordingly, I must review the evidence in this case, in a light most favorable to the State, to determine if there was substantial evidence to support McPeak's conviction.

McPeak attacks his conviction for aggravated assault. In Arkansas aggravated assault is

defined as:

> A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely:
>
> (1) Engages in conduct that creates a substantial danger of death or serious physical injury to another person; or
>
> (2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person.

Ark. Code Ann. § 5-13-204(a).

McPeak asserts there was no evidence at the trial he actually "unloaded a firearm" at the officers. ECF No. 1, p. 12. McPeak also argues, incorrectly, an essential element of the crime of aggravated assault is the "threatening use of a firearm." I note § 5-13-204(a) provides for two different methods of committing aggravated assault, neither of which require discharge or threatening use of a firearm.

Lastly I will consider the evidence presented at the trial. Viewed in a light most favorable to the State, as I must do, the following facts were introduced at the trial in this case:

The evidence at trial established that early on July 19, 2009, the Gurdon Police Department was dispatched in response to reports of fighting at a large party. ECF No. 10-2, p. 121-22 and 140-41. Upon arriving at the scene, officers found 200 to 300 people, many of whom appeared agitated, gathered in a field next to a residence. ECF No. 10-2, p. 121. Clark County Sheriff David Turner and Gurdon Police Sergeant Christopher Russell both testified they observed McPeak in the crowd and observed him approach a parked vehicle. ECF No. 10-2, p. 122 and 142. McPeak appeared "real agitated and mad." ECF No. 10-2, p. 122. Sheriff Turner testified he observed McPeak lean into the window of the car and rise up out of the car, followed almost immediately by a gun shot

being fired. ECF No. 10-2, p. 122.     The officers then approached McPeak and ordered him to the ground, McPeak fled from the officers and Sheriff Turner observed McPeak appear to place some object in his waistband. ECF No. 10-2, p. 122. Sheriff Turner then observed McPeak with a firearm in his right hand. ECF No. 10-2, p. 123. McPeak actually threw the gun at Sheriff Turner striking him in the leg. ECF No. 10-2, p. 123.

Sergeant Russell confirmed the testimony of Sheriff Turner and added he actually saw McPeak remove the firearm from his waistband and begin pointing it at Russll. ECF No. 10-2, p. 142-143. Sergeant Russell fired several shots at McPeak. ECF No. 10-2, p. 142. Sergeant Russell positively identified McPeak at the trial as the person who pointed a gun at him on the night at issue. ECF No. 10-2, p. 143. Both Sheriff Turner and Sergeant Russell testified they were attacked by a crowd of 20-30 people after this incident and were forced to use pepper spray to disperse the group of people. ECF No. 10-2 p. 122-123 and 142-143.

The firearm, a .380 semi-automatic pistol, was found on the ground near the scene after McPeak fled. Also found near the scene was one expended .380 caliber shell casing. ECF No. 10-2, p. 166-167, 391 and 395. Ballistics tests showed the shell casing was from the pistol recovered at the scene. ECF No. 10-2, p. 184. McPeak was arrested later that same day and admitted to law enforcement officers he had tossed the pistol to the ground as he was fleeing. ECF No. 10-2, p. 197-201. In his statement to law enforcement he said some other person had fired the gun initially however. ECF No. 10-2, p. 197.

Following a bench trial, the trial court found McPeak guilty of aggravated assault and fleeing. Viewed in the light most favorable to the state, the evidence described above is in fact substantial

evidence supporting McPeak's conviction for aggravated assault pursuant to § 5-13-204(a). The statute does not require discharge of a firearm, however, based on the evidence before the trial court it clearly could have found McPeak discharged a firearm at the officers or in their direction. Further, based on the testimony of the officers, McPeak was agitated and angry when they arrived. He then brandished a weapon. He pointed the weapon in the officers' direction. It is equally clear there was some sort of large disturbance and a large crowd gathered. The crowd actually attacked the police officers immediately after McPeak's fled the scene. There was substantial evidence the display or discharge of a firearm created a serious risk of physical injury or death to some person.

Simply put, when viewed in a light most favorable to the state there is no "reasonable probability" that, but for counsel's unprofessional errors, i.e. failing to renew a twice denied motion for directed verdict, the result of the proceeding would have been different in this case. Here even had trial counsel properly preserved the claim of insufficient evidence, the Arkansas appellate courts would have looked at the evidence presented at trial and determined there was "substantial evidence" to support the conviction. Accordingly, there was no prejudice to McPeak because of counsel's failure to preserve the claim of insufficient evidence for appeal

McPeak's claim of ineffective assistance of counsel therefore fails. Because this claim fails he can not establish "cause and prejudice" to excuse his procedural default on his first claim.

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Petition be **DENIED**

and dismissed with prejudice.[4]  I also recommend any request for a Certificate of Appealability be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **4th day of February 2015**

         /s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*