IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOMINIC ANTHONY MCPEAK                                                    PETITIONER

v.                                      Civil No. 6:13-cv-6091

SHEILA SHARP, Director,
Arkansas Department of Community Corrections, and            RESPONDENT
CRYSTAL WILLIAMS, Probation Officer for
Arkansas Department of Community Corrections

## ORDER

Before the Court is the Report and Recommendation filed February 4, 2015, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 21). Judge Bryant recommends that Petitioner's writ of *habeas corpus* pursuant to 28 U.S.C. §2254 (ECF No. 1) be denied with prejudice. Petitioner has filed timely objections to the Report and Recommendation. (ECF No. 22). The Court finds the matter ripe for consideration.

## BACKGROUND

On March 31, 2011, Petitioner was tried and convicted of two counts of felony aggravated assault and one count of misdemeanor fleeing in the Circuit Court of Clark County, Arkansas. Petitioner was sentenced to 90 days' imprisonment for each count, with the sentences to be served concurrently, as well as sixty months' probation with the Arkansas Department of Community Corrections.

Petitioner later appealed the convictions to the Arkansas Court of Appeals and raised two main arguments: (1) the trial court erred by denying his motion to suppress evidence; and (2) the trial court erred in denying his motion for a directed verdict based on a lack of evidence to sustain the aggravated assault convictions. The Arkansas Court of Appeals affirmed Petitioner's

convictions and held that the trial court did not err in denying his motion to suppress. In addition, the Court of Appeals held that Petitioner's trial counsel failed to preserve the sufficiency of the evidence issue for appeal. *See McPeak v. Arkansas*, 406 SW.3d 420, 433 (Ark. App. 2012). On May 10, 2012, the Arkansas Supreme Court denied review.

On August 8, 2013, Petitioner filed the instant Petition for a writ of *habeas corpus*. (ECF No. 1). The Petition set forth the following two claims for relief:

1. The Court should reverse his conviction because "the State did not produce sufficient evidence at his trial to sustain his convictions for aggravated assault" (ECF No. 1, pp. 15-16); and

2. The Court should find that his trial counsel's "failure to renew the motion to dismiss at the conclusion of the State's rebuttal case constituted ineffective assistance of counsel in that the failure was deficient and the deficient performance prejudiced [Petitioner] on appeal" (ECF No. 1, p. 16).

On February 4, 2015, Judge Bryant issued a Report and Recommendation that the Petition be denied because:

1. The Petitioner "clearly procedurally defaulted" on his claim that there was insufficient evidence to support his conviction for aggravated assault" when his trial counsel failed to renew a motion to dismiss at the close of all the evidence (ECF No. 21, p. 4); and

2. "[E]ven [if] trial counsel properly preserved the claim of insufficient evidence, the Arkansas appellate courts would have looked at the evidence presented at trial and determined there was 'substantial evidence' to support the conviction. Accordingly,

there was no prejudice to [Petitioner] because of counsel's failure to preserve the claim of insufficient evidence for appeal" (ECF No. 21, p. 9).

Petitioner made the following timely objections to the Report and Recommendation:

1. "The procedural default doctrine does not apply in this case because the procedural rule on which the State relies to establish a default is inadequate and violates the Equal Protection Clause" (ECF No. 22, p. 2); and

2. "Even if the procedural default rule on which the State relies to establish a default is adequate, [Petitioner's] default is excusable because of his trial counsel's ineffectiveness in preserving the sufficiency of the evidence issue for appellate review" (ECF No. 22, p. 10).

## ANALYSIS

First, Petitioner objects to Judge Bryant's conclusion that he procedurally defaulted on his insufficiency of the evidence claim. In the Report and Recommendation, Judge Bryant concluded that the Court was barred from hearing the claim because Petitioner's trial counsel failed to preserve the issue for appeal when he failed to move for a directed verdict at the close of all the evidence as required by Rule 33.1 of the Arkansas Rules of Criminal Procedure.

Conceding that his trial counsel failed to strictly comply with Rule 33.1, Petitioner argues that he is still entitled to federal *habeas corpus* relief because Arkansas appellate courts do not regularly follow Rule 33.1. Petitioner essentially argues that the Supreme Court of Arkansas and the Arkansas Court of Appeals repeatedly refuse to consider waived arguments raised by criminal defendants, and often consider waived arguments waived by the State. Petitioner especially takes issue with the Arkansas Court of Appeals *sua sponte* raising the issue of his trial counsel's noncompliance with Rule 33.1, which he contends violates a longstanding principle

3

adhered to by the Arkansas Court of Appeals. *See Hanlin v. State*, 356 Ark. 516, 529, 157 S.W.3d 181, 189 (2004) (noting that the Arkansas Supreme Court "has been resolute in stating that we will not make a party's argument for that party or raise an issue, *sua sponte*, unless it involves the trial court's jurisdiction). Petitioner concludes that this "unfair treatment" of criminal defendants proves that Rule 33.1 is an inadequate procedural ground to bar federal *habeas* relief.

The Court finds Petitioner's argument unpersuasive. A federal court is barred from reviewing a *habeas* petition when a state court rejects a petitioner's claims on independent and adequate state grounds, absent a showing of either (1) cause and prejudice or (2) actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Procedural default of a claim under state law may constitute an independent and adequate state ground . . . if the state procedural rule is firmly established, regularly followed, and readily ascertainable." *White v. Bowersox*, 206 F.3d 776, 780 (8th Cir. 2000) (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

Here, Petitioner fails to establish that the Arkansas Court of Appeals has not regularly followed Rule 33.1. Aside from his direct appeal, Petitioner cites only one other case to support his contention that the Court of Appeals does not regularly follow the aforementioned rule. This is insufficient to establish that the rule in question is inadequate for the purposes of overcoming the procedural bar to a federal *habeas* petition. Moreover, it is well established that a procedural rule only has to be applied "[i]n the vast majority of cases" and "need not be applied in every applicable case" to be adequate. *Byrd v. Collins*, 209 F.3d 486, 521 (6th Cir. 2000) (citing *Dugger v. Adams*, 489 U.S. 401, 410 n. 6 (1989)). Because Petitioner's Equal Protection claim hinges upon his assertion that the Arkansas Court of Appeals' waiver rule is inadequate, the

4

Court finds that this argument also lacks merit. Accordingly, the Court concludes that Rule 33.1 is not inadequate and that Petitioner cannot overcome the procedural bar for federal *habeas corpus* claims.

Next, Petitioner argues that his trial counsel's failure to preserve the insufficiency of the evidence issue for appeal resulted in ineffective assistance of counsel and constitutes "cause and prejudice" necessary to excuse procedural default in this case. "Ineffective assistance of . . . counsel may constitute cause and prejudice to overcome a [*habeas* petitioner's] procedural default." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (citing *Boysiewick v. Schriro*, 179 F.3d 616, 619 (8th Cir. 1999)).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must show "that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with Judge Bryant that, assuming that his trial counsel's performance was deficient, Petitioner's claim ultimately fails because he has not established prejudice. In order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner cannot show that the result of the proceedings would have been different because there was sufficient evidence to support Petitioner's conviction for aggravated assault under Ark. Code Ann. § 5-13-204(a). Clark County Sheriff David Turner testified that he observed Petitioner reaching into the window of a parked car and then rise up out of the car. Sheriff Turner testified that he immediately heard a gunshot. Petitioner fled after Sheriff Turner and Gurdon Police Sergeant Christopher Russell approached and ordered him to the ground. Sheriff Turner testified that he witnessed Petitioner place an object in his waistband and later

observed Petitioner holding a gun. Sergeant Russell later testified that he witnessed Petitioner point the firearm in his direction. The Court agrees with Judge Bryant's finding that, even if trial counsel had renewed the motion for directed verdict after the close of all the evidence, there was substantial evidence to support the conclusion that Petitioner discharged a firearm, either at the officers or in their direction, and created a serious risk of physical injury or death to some person, in violation of Ark. Code Ann. § 5-13-204(a).

Accordingly, Petitioner's claim of ineffective assistance of counsel fails because there is no reasonable probability that, but for trial counsel's unprofessional error, the results of the trial would have been different. As a result, Petitioner has failed to establish "cause and prejudice" needed to excuse his procedural default of the insufficiency of the evidence claim.

## CERTIFICATE OF APPEALABILITY

Petitioner included a request for a Certificate of Appealability at the end of his objections to Judge Bryant's Report and Recommendation, and the Court will construe this request as a Motion for a Certificate of Appealability (COA). To obtain a COA, a petitioner generally must make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 464 U.S. 880, 893 (1983)).

However, this "substantial showing" is subject to a distinction between *habeas* petitions that are dismissed on the merits and those that are dismissed on procedural grounds. *Slack*, 529 U.S. at 484. When the court dismisses the petition on procedural grounds, as is the case here, a COA should issue if the prisoner shows two components: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The Court agrees with Judge Bryant's recommendation that any request for a COA be denied and concludes that reasonable jurists would not find this Court's ruling debatable.

## CONCLUSION

For the reasons stated above, based on its own *de novo* review, the Court overrules Petitioner's objections and adopts the Report and Recommendation *in toto*. Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. Further, Petitioner's request for a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED**, this 7th day of September, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge